444

New Jersey Department of Labor,
Workmen's Compensation Bureau.

MINNIE B. ADAMS, PETITIONER, v. PETER C. QUACKEN-
BUSH, RESPONDENT.

For the petitioner, *Frank Smit.*

For the respondent, *Clarence B. Tippett.*

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

The claim presented by the petitioner was that while employed by the respondent, and at the time while cleaning an electric dish-washing machine and having started the motor on it, her left middle finger was caught and cut by the machine, causing later amputation of part of the said finger. It was contended by petitioner that she was engaged by respondent to clean an apartment to be occupied by him at 555 East Twenty-seventh street, Paterson, New Jersey, and in consequence was making this claim for compensation.

Mr. Quackenbush asserted, in substance, that he had rented a new apartment at the above address, which consisted of about six rooms; that he desired a woman to do some cleaning preparatory to his occupancy, which work consisted of cleaning the bathroom, the floor of the kitchen, removing paint stains from the fireplace in the living room, and that upon the completion of such cleaning work as he described, which ought not to have taken more than one full day or a part of another, the work which he desired would be done.

He particularly testified that he inquired of petitioner if she knew anything about an electric dishwashing machine; petitioner replied that she knew nothing of such, whereupon he informed her to leave that thing alone and not to touch it, but to do the other cleaning work which he had outlined.

Without commenting in detail upon the testimony produced by the petitioner, her husband and Dr. Curtis, I am satified that the petitioner failed to present evidences meriting this claim being held compensable under the New Jersey Workmen's Compensation act. The petitioner was solely employed to do a cleaning job in a small apartment. She was not a regular employe in the sense that the Compensation act construes. She was not engaged by this employer to perform services in connection with any business of the employer. Her employment was not regular, periodic or recurring within the contemplation of section 3, paragraph 23 (c). Her work was solely casual, within the contemplation of the statute and decisions. Her particular business, if it may be termed such, was working out for various persons or customers, doing cleaning jobs. This particular job was solely and only confined to cleaning this small apartment which had been newly painted, the floors previously varnished, so that in no sense was her employment by Mr. Quackenbush other than a mere casual employment.

"Casual" is the antonym of the phrase "regularly employed." It is universally defined as something which happens by chance, and for our purposes, where an employment cannot be characterized as permanent or periodically regular or recurring, but occurs by chance, and with the intention and understanding that it is not continuous, it is casual. Such an employe is known as a "casual employe."

In addition to the objection against an award on the ground of this being a casual employment, the respondent's counsel urged that the particular injury so sustained did not arise out of and in the course of the contemplated work or services for which the petitioner was engaged, since the respondent had limited the sphere of her work by particularly excluding

with due notice and instructions to her, any services to be performed about or upon this electric dishwashing machine. Consequently, by her own act she had taken herself outside of any employment, and had assumed by her voluntary act a special, increased hazard.

\* \* \* \* \* \* \* \*

HARRY J. GOAS,
*Deputy Commissioner.*